# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0897V
Filed: November 17, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| EMILY DWORKIN, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Damages |
| | * | Decision Based on Proffer; |
| | * | Concession; Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH | * | Shoulder Injury Related to Vaccine |
| AND HUMAN SERVICES, | * | Administration ("SIRVA"); Special |
| | * | Processing Unit ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle A. Strait, Maglio Christopher and Toale, PA, Washington, DC*, for petitioner.
*Gordon E. Shemin, U.S. Department of Justice, Washington, DC*, for respondent.

### RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES [1]

**Dorsey**, Chief Special Master:

On August 19, 2015, Emily Dworkin ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that the influenza ("flu") vaccination that she received on October 14, 2014, caused her to suffer a shoulder injury. *See generally* Petition. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 16, 2015, respondent filed a Rule 4(c) Report and Proffer on Damages ("Report and Proffer") in which she concedes that petitioner is entitled to compensation in this case. Report and Proffer at 1. Specifically, respondent concluded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration ("SIRVA"), and that it was caused in fact by the flu vaccine she received on October 14, 2014. *Id.* at 3. Additionally, respondent did not identify any other cause

---

[1] Because this unpublished ruling and decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

for petitioner's SIRVA, and records show that she has suffered the sequela of her injury for more than six months. *Id.* Petitioner has therefore "satisfied all legal prerequisites for compensation under the Act." *Id.*

Based upon the evidence of record, respondent proffers that petitioner should be awarded $60,000.00 in compensation. Report and Proffer at 3. Respondent represents that petitioner agrees with the proffered award. *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation. Further, based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in Respondent's Rule 4(c) Report and Proffer on Damages.**

Pursuant to the terms stated in **Respondent's Rule 4(c) Report and Proffer on Damages at 3**, **the undersigned awards petitioner a lump sum payment of $60,000.00 in the form of a check payable to petitioner, Emily Dworkin.**[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] "Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages." Report and Proffer at 4, fn. 1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.